IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TONYA GILBERT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-2599-L-BN |
| | § | |
| | § | |
| NANCY A. BERRYHILL, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Tonya Gilbert seeks judicial review of a final adverse decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). For the reasons explained below, the hearing decision should be reversed.

**Background**

Ms. Gilbert alleges that she is disabled due to a variety of ailments including diabetes, back pain, depression and anxiety. After her application for disability insurance benefits was denied initially and on reconsideration, Ms. Gilbert requested a hearing before an administrative law judge ("ALJ"). That hearing was held on January 29, 2015. *See* Dkt. No. 10 (Administrative Record ("Tr.")) at 49-85 (Hearing Transcript). At the time of the hearing, Ms. Gilbert was 51 years old. She has a tenth grade education and past work experience as a cashier-checker. Ms. Gilbert has not engaged in substantial gainful activity since January 1, 2010.

The ALJ found that Ms. Gilbert was not disabled and therefore not entitled to disability benefits. *See* Tr. at 21-32 (ALJ's Decision). Although the medical evidence established that Ms. Gilbert suffered from status post left knee replacement, degenerative disc disease, obesity, affective disorder, anxiety disorder and diabetes, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that Ms. Gilbert had the residual functional capacity to perform a limited range of light work but could not return to her past relevant employment. Relying on a vocational expert's testimony, the ALJ found that Ms. Gilbert was capable of working as an assembler, laundry folder and price marker – jobs that exist in significant numbers in the national economy. Given her age, education, and exertional capacity for light work, the ALJ determined that Ms. Gilbert was not disabled under the Medical-Vocational Guidelines.

Ms. Gilbert appealed that decision to the Appeals Council. The Council affirmed.

Ms. Gilbert then filed this action in federal district court. Ms. Gilbert contends that the hearing decision is not supported by substantial evidence and results from reversible legal error. More particularly, Ms. Gilbert argues that (1) the ALJ erred by assigning significant weight to the opinion of the examining psychologist but failing to include all of the limitations that the examining psychologist found or explaining why he did not include them and (2) the ALJ failed to provide good, specific, and supported reasons for giving "less weight" to the opinion of the consultive examiner, who found extreme physical limitations.

2

The undersigned concludes that the hearing decision should be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with these findings and conclusions.

## Legal Standards

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

"In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

4

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Ms. Gilbert, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Ms. Gilbert's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Ms. Gilbert "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

5

## Analysis

Among the arguments that Ms. Gilbert makes is a single ground that compels remand. The ALJ unqualifiedly assigned the examining consulting psychologist's opinions significant weight but did not incorporate all of the limitations identified by the examining psychologist in the residual functional capacity ("RFC") determination or explain why those limitations were not included.[1]

The weight to be given to medical opinions in Social Security cases depends, in large part, on whether the opinions are proffered by treating, examining, or non-examining physicians. *See Graham v. Colvin*, No. 4:15-cv-793-CAN, 2017 WL 978778, at *5 (E.D. Tex. Mar. 14, 2017). The Fifth Circuit recently explained that, "[i]n addition to the rules surrounding treating physicians, the regulations make clear that opinions from examining physicians must be considered." *Kneeland v. Berryhill*, 850 F.3d 749, 760 (5th Cir. 2017). "20 C.F.R. states that, '[g]enerally ... more weight [is given] to the opinion of a source who has examined you than to the opinion of a source who has not examined you.'" *Id.* And, importantly here, "[t]he ALJ cannot reject a medical opinion without an explanation." *Id.* (quoting *Loza v. Apfel*, 219 F.3d 378, 395 (5th Cir. 2000)).

On October 29, 2013, Ms. Gilbert was examined by consultive examiner Rosemary Brucken, Psy.D. *See* Tr. 28, 30 (ALJ's decision), 340-44 (Dr. Brucken's report). Dr. Brucken's provisional diagnosis was major depressive disorder, moderate,

---

[1] By recommending remanding this case for further administrative proceedings, the undersigned does not suggest that Ms. Gilbert is or should be found disabled.

and generalized anxiety disorder with panic. Dr. Brucken concluded that Ms. Gilbert has the functional capacity to understand, carry out, and remember simple instructions and "the ability, but not necessarily the motivation, to concentrate and persist in work related activity at a reasonable pace." Dr. Brucken also noted that Ms. Gilbert had a history of being unable to maintain adequate social interactions and opined that Ms. Gilbert would likely experience difficulty dealing with normal pressures in a competitive work setting.

The ALJ found that Ms. Gilbert has the RFC to perform light work, except that she is limited to standing and walking four hours out of an eight-hour workday and sitting six hours in an eight-hour work day. The ALJ further found that Ms. Gilbert is able to lift and carry up to twenty pounds occasionally and ten pounds frequently. And the ALJ found that Ms. Gilbert is limited to no contact with the public and no combined tasks with coworkers. *See* Tr. at 26. But the ALJ did not include Dr. Brucken's findings concerning concentration, persistence, and pace in the RFC finding.

In making the RFC determination, the ALJ stated that he gave Dr. Brucken's opinion significant weight. *See* Tr. at 30. The ALJ noted that Dr. Brucken was able to observe and examine Ms. Gilbert in person and that Dr. Brucken's objective findings, as well as the record as a whole, supported Dr. Brucken's opinions. The ALJ further noted that Ms. Gilbert was able to complete most of the assessments administered by Dr. Brucken without issue, suggesting that Ms. Gilbert's mental impairments are not completely disabling.

Ms. Gilbert contends that, although the ALJ stated that he assigned "significant weight" to the examining psychiatrist's opinion, the ALJ erred by implicitly rejecting the limitations concerning concentration, persistence and pace that the examining psychiatrist identified by failing to include them in the RFC determination without explaining why.

The tension here lies in the parties' differing interpretations of Dr. Brucken's opinion "that [Ms. Gilbert] had the ability, but not necessarily the motivation, to concentrate and persist in work related activity at a reasonable pace." Ms. Gilbert characterizes Dr. Brucken as opining that she did not have the motivation to concentrate and persist in work-related activities at a reasonable pace due to her depression, and she asserts that it is common knowledge that lack of motivation is a symptom of depression. The Commissioner argues that lack of motivation, or unwillingness to work, is not a valid functional limitation, citing 20 C.F.R. § 404.1566(c).

An ALJ does not err in failing to include in the RFC the specific words "restriction the area of concentration, persistence or pace" where the decision showed that the ALJ considered those limitations in reaching the RFC determination. *See Smith v. Colvin*, No. 3:13-cv-1884-N-BN, 2014 WL 1407437, at *5 (N.D. Tex. Mar. 24, 2014) (citing cases). But here it does not. In this case, the RFC's limitation to simple work does not address whether Ms. Gilbert had the concentration or would be able to maintain the persistence and pace necessary to perform such work due to the lack of motivation associated with her depression. The ALJ did note that Dr. Brucken stated

8

that Ms. Gilbert did not necessarily have the motivation to concentrate and persist in work related activity at a reasonable pace, and he further explained that he did not find Ms. Gilbert's mental limitations disabling because she was able to complete most of the assessments administered by Dr. Brucken. But the ALJ failed to incorporate an accommodation for Ms. Gilbert's lack of motivation or explain why it failed to preclude her from performing other available jobs.

And this error was prejudicial. As Ms. Gilbert contends, as a result of failing to include all of the limitations found by the consulting examiner without explanation, the ALJ failed to accurately describe all of the practical effects of all of her impairments, which led to a faulty RFC, which led to faulty hypothetical to the vocational examiner, which led to an ALJ determination that there are jobs she can perform that is not supported by substantial evidence.

## Recommendation

The hearing decision should be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with the findings and conclusions above.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

9

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 23, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE