IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TONYA G., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-2599-L-BN |
| | § | |
| | § | |
| NANCY A. BERRYHILL, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Tonya G.'s counsel has filed a Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, *et seq. See* Dkt. No. 19.

United States District Judge Sam A. Lindsay has referred this motion to the undersigned United States magistrate judge for recommendation. *See* Dkt. No. 20.

Plaintiff successfully appealed the final decision of the Commissioner denying her application for disability insurance benefits under Title II of the Social Security Act. *See* Dkt. Nos. 16, 17, & 18. The Court remanded Plaintiff's case to the Commissioner "for further consideration consistent with the court's order of February 8, 2018, accepting the Findings, Conclusions, and Recommendation of the United States Magistrate Judge." Dkt. No. 18 at 1.

Plaintiff moves for an award of attorneys' fees under the EAJA, 28 U.S.C. § 2412(d). Under the EAJA, the Court must award attorneys' fees and expenses if: (1) the

-1-

claimant is the "prevailing party"; (2) the government's position was not "substantially justified"; and (3) there are not special circumstances that make an award unjust. *See Murkledove v. Astrue*, 635 F.3d 784, 790 (5th Cir. 2011) (citing 28 U.S.C. § 2412(d)(1)(A)). A claimant is the "prevailing party" for purposes of the EAJA where she obtains a "sentence four" judgment reversing denial of benefits and requiring further proceedings before the agency. *See Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993). Any attorneys' fees awarded under the EAJA must be reasonable. *See* 28 U.S.C. § 2412(b).

Here, Plaintiff is the prevailing party for the EAJA's purposes, the Commissioner has not met her burden of proving substantial justification, and no special circumstances make an award unjust.

As the prevailing party, Plaintiff seeks an award of $8,045.37 in attorneys' fees – 17 hours in 2016 at an hourly rate of $188.67; 23.6 hours in 2017 at an hourly rate of $193.32; and 1.4 hours in 2018 at an hourly rate of $196.88 – after accepting the Commissioner's correction as to the proper hourly rates. *See* Dkt. No. 23 at 1. Plaintiff's counsel has submitted an itemized statement detailing the time devoted to the case. *See* Dkt. No. 19-1.

The Commissioner also objects to the amount of fees sought because the total number of hours is not reasonable. *See* Dkt. No. 22 at 1. "The Commissioner notes that the typical request for reimbursement of attorney's hours in an EAJA application is between 30 and 40 hours." *Id.* at 3. "Specifically, the Commissioner objects to time entries from August 4, December 12, December 13, and December 15, 2016, for a

cumulative total of 16.7 hours, in connection with review of the administrative transcript." *Id.* (citing Dkt. No. 20-2 at 1).

The Commissioner submits that, although the administrative transcript consisted of 555 pages, it did not contain a complicated or cumbersome procedural history (i.e., no appeals council remands or multiple administrative law judge decisions to analyze) and there were less than 300 pages of medical records to analyze." *Id.* at 3-4. The Commissioner contends that "[t]he government is entitled to expect some additional efficiency from experienced or able counsel" and "that a total of 10.7 attorney hours for work performed on August 4, December 12, December 13, and December 15, 2016, in connection with review and analysis of the administrative record" – for a reduction of 6.0 attorney hours – would be appropriate. *Id.* at 4.

Plaintiff replies that the Commissioner offers no "particular reason for the 6 hour reduction" and that her "opening brief with respect to this issue directly confronted the fact that the request in this matter is somewhat outside of the norm, but explained that the time assertions were still reasonable based on three specific facts: (1) that undersigned counsel had made every effort to reduce unnecessary and/or duplicative services; (2) that the briefing in this case (opening and reply briefs) was rather extensive, totaling almost 30 pages; and, (3) that the undersigned did not represent Plaintiff during the administrative proceedings in this matter and therefore he did not have the advantage of having 'lived with' the case for several years prior to filing the civil action in this matter." Dkt. No. 23. As Plaintiff's reply notes, the Commissioner's objection "did not address these specific explanations, but rather,

again, simply asks this Court to reduce the fee based on a general unexplained complaint that Plaintiff has asked for 'too much.'" *Id*. And the Commissioner herself reports that these applications typically seek to recover fees for between 30 and 40 hours of attorney work, and here Plaintiff's counsel seeks to recover for 2 hours above that reported typical range.

After reviewing the briefing in this action and Plaintiff's counsel's explanation, the undersigned is not persuaded that the reduction that the Commissioner advocates is necessary or appropriate, and, after reviewing the itemized time entries, the undersigned finds the time billed for work performed on August 4, December 12, December 13, and December 15, 2016 – as well as the other hours that the Commissioner does not object to – is reasonable in light of Plaintiff's counsel's explanation and the matters at issue in Plaintiff's successful briefing.

The undersigned finds that Plaintiff is entitled an award of fees under Section 2412(d) at hourly rates of $188.67 for work done in 2016, $193.32 for work done in 2017, and $196.88 for work done in 2018; that the 42 hours of work claimed are reasonable and compensable under the EAJA; that Plaintiff should be permitted to recover her $400.00 filing fee as costs, and, after considering all the relevant factors, that the lodestar amount of $8,045.37 in fees plus $400.00 in costs should be accepted as the appropriate award to Plaintiff under 28 U.S.C. § 2412(d). *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010); *Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006); *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

## Recommendation

The Court should grant Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act [Dkt. No. 19] and award Plaintiff $8,045.37 in attorneys' fees and $400.00 in costs under 28 U.S.C. § 2412(d) and order Defendant to make the check payable to Tonya G. but to mail the check to Plaintiff's attorney's address.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 23, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE